E-FILED
Friday, 26 June, 2020  01:17:56 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JOHN T., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-04106-SLD-JEH |
| | ) | |
| ANDREW SAUL,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff John T. was approved to receive retirement insurance benefits beginning January 2013, but the Social Security Administration notified him that it could not pay him his benefits because he was found to be a sexually dangerous person and was confined to an institution at public expense after being convicted of a crime that included sexual activity as an element. *See* 42 U.S.C. § 402(x)(1)(A)(iii). John sought reconsideration of the decision to suspend his benefits at the administrative level, but Defendant Commissioner of the Social Security Administration ("the Commissioner") upheld the decision. John then sought judicial review. Compl., ECF No. 1.[2] Before the Court are John's motion for summary judgment, ECF No. 26, the Commissioner's Motion for Summary Affirmance, ECF No. 29, and United States Magistrate Judge Jonathan Hawley's Report and Recommendation, ECF No. 30, which recommends denying John's motion and granting the Commissioner's motion.

When a magistrate judge considers a pretrial matter dispositive of a party's claim or defense, he must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). Parties may object

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the new Commissioner is substituted for his predecessor as Defendant.

[2] The procedural background of this case is discussed in detail in the Report and Recommendation, ECF No. 30, and will not be repeated here.

within fourteen days of being served with a copy of the recommended disposition.  *Id.* 72(b)(2).

The district judge considers de novo the portions of the recommended disposition that were

properly objected to, and may accept, reject, or modify the recommended disposition, or return it

to the magistrate judge for further proceedings.  *Id.* 72(b)(3).  If no objection, or only partial

objection, is made, the district judge reviews the unobjected portions of the recommendation for

clear error.  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

John argues that applying § 402(x)(1)(A)(iii) to him is an unconstitutional retroactive

application of the law and violates his right to equal protection under the law.  *See* Mot. Summ.

J. 1.  The Commissioner argues that § 402(x)(1)(A)(iii) is constitutional.  *See* Mem. Supp. Mot.

1, ECF No. 29-1.  Judge Hawley recommends rejecting both of John's arguments and upholding

the constitutionality of the statute as applied to John.  *See* R. & R. 4–9.  Neither party has

objected to Judge Hawley's Report and Recommendation, so the Court reviews it for clear error

only.  After reviewing the Report and Recommendation, the parties' motions and memoranda,

the record, and the applicable law, the Court finds no clear error.

Accordingly, the Report and Recommendation, ECF No. 30, is ADOPTED.  Plaintiff

John T.'s motion for summary judgment, ECF No. 26, is DENIED and the Commissioner's

Motion for Summary Affirmance, ECF No. 29, is GRANTED.  The Commissioner's decision in

this matter is AFFIRMED.  The Clerk is directed to enter judgment and close the case.

Entered this 26th day of June, 2020.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE